IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PAUL BRIGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 18-1204 |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application alleging disability since July 15, 2015. (ECF No. 5-7, p. 7). Administrative Law Judge ("ALJ"), David Romeo, held a hearing on April 27, 2018. (ECF No. 5-3). On May 14, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 11). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

II.    **LEGAL ANALYSIS**

A.    **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.      VA Rating**

Plaintiff first argues that the ALJ failed to discuss the VA rating such that remand is warranted. (ECF No. 9, pp. 9-10). Plaintiff's claim in this case was filed on May 14, 2017. (ECF No. 5-7, pp. 2-3). For claims filed on or after March 27, 2017, the SSA has rescinded SSR 06-03p and amended Sections 404.1504 and 416.904.[2] See 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 82 Fed. Reg. 15263-01 (Mar. 27, 2017). The new regulations explain as follows:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers— make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules.

20 C.F.R. §§404.1504, 416.904. As a result, for claims filed on or after March 27, 2017, "we will not provide any analysis in our determination or decision about a decision made by any other

---

[2] Plaintiff's argument in this regard applies the old regulation not applicable to his case. (ECF No. 9, pp. 9-10). Therefore, I find Plaintiff's entire argument is misplaced.

governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." *Id.* ALJs are still required, however, to "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that [they] receive as evidence in your claim…" *Id.*

Based on this new standard, the ALJ was not required to provide any analysis about Plaintiff's VA rating, as Plaintiff suggests. *Id.* Here, the ALJ stated that he has fully considered the medical opinions and prior administrative medical findings in Plaintiff's case. (ECF No. 5-2, p. 26). Under the new standard, I find the ALJ's discussion was adequate and that the ALJ was not required to provide any further analysis of the VA rating. Consequently, remand on this basis is not warranted.

### C. Plaintiff's Complaints of Pain

Plaintiff also argues that the ALJ erred in failing to provide adequate reasons for discounting Plaintiff's subjective complaints. (ECF No. 9, pp. 11-13). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.*

I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method as set forth above. (ECF No. 5-2, pp. 16-29). For example, while assessing the intensity, persistence, and limiting effects of Plaintiff's symptoms, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be not entirely consistent. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's symptoms as required by 20 C.F.R. §§416.929, 404.1529 and SSR 16-3p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's complaints are not entirely consistent. (ECF No. 5-2, pp. 16-29). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW PAUL BRIGGER,                        )
                                            )
              Plaintiff,                     )
                                            )
     -vs-                                    )          Civil Action No.  18-1204
                                            )
ANDREW M. SAUL,[3]                           )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
         Defendant.                          )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 7th day of October, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

                              BY THE COURT:

                              s/  Donetta W. Ambrose
                                 Donetta W. Ambrose
                                 United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.